BOYER, Judge.
Petitioner seeks review of the final agency action of the Commission denying his request for a formal hearing pursuant to F.S. 120.57.
In 1974, petitioner was arrested for indecent exposure. Later, petitioner plead guilty to a charge of disorderly conduct and paid a fine. He was admitted to the police recruit training program in 1975 and successfully completed the training program. Thereafter, petitioner was advised by the Chief of the Bureau of Standards that a certificate of completion would not be granted to him because of his conviction for disorderly conduct under F.S. 877.03. Petitioner requested a hearing pursuant to chapter 120, but his request was denied.
The Commission contends that petitioner’s conviction of disorderly conduct is a conviction of a crime involving moral turpitude which prohibits it from issuing a certificate of compliance pursuant to F.S. 943.-13(4) and 943.14(2). It is petitioner’s position that a conviction under F.S. 877.03 does not disqualify a person from qualification pursuant to F.S. 943.13 because such a conviction is not a conviction of a crime involving moral turpitude as defined by law.
The qualifications for employment as a police officer are set forth in F.S. 943.13 and the requirement which is in question here is set forth in subparagraph (4) and states as follows:
“943.13 Police Officers; qualifications for employment. After August 1, 1974, any person employed as a police officer shall: (4) Not have been convicted of a felony or of a misdemeanor involving ‘moral turpitude’ as the term is defined by law and who has not been released or discharged under any other than honorable conditions from any of the armed forces of the United States.”
F.S. 877.03 defines breach of the peace and disorderly conduct as follows:
“Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quite of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree . . .”
We hold that a conviction for disorderly conduct is not necessarily a conviction of a crime involving moral turpitude. While there are certainly some factual circumstances surrounding a conviction for disorderly conduct which would involve moral turpitude, we cannot agree with the Commission that simply pleading guilty to disorderly conduct results in the conclusion that petitioner was convicted of a crime involving moral turpitude.
*1328 The record reveals a letter from petitioner explaining his "actions on the night he was arrested for indecent exposure. His explanation as contrasted to the information contained in his arrest report creates a factual dispute as to whether or not petitioner’s conduct on the night in question involved moral turpitude. In the absence of an agreement as to the undisputed facts, the Commission must give petitioner a hearing.
Accordingly, the case is remanded to the Commission with instructions that petitioner be given a formal hearing in order to resolve the factual dispute surrounding his conviction for disorderly conduct.
IT IS SO ORDERED.
McCORD, C. J., and SMITH, J., concur.